GEORGE HOSFORD v. DELIA M. KANOUSE.

*Action on common counts for money received to plaintiff's use.*

An action on the common counts for money had and received to the plaintiff's use from the estate of plaintiff's father, is supported by evidence that the father had assigned his property to another person in consideration that the latter should take care of his children; that the assignee had transferred the trust to defendant and paid him a certain sum of money for the children, defendant agreeing to pay each its proportion on becoming of age; and that he had not done so and plaintiff had brought suit for her share on learning the facts.

Error to Ionia.   Submitted Jan. 27.   Decided April 13.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Lemuel Clute* for plaintiff in error.

*A. B. Morse* for defendant in error.

COOLEY, J.   As we view this case the questions which arise upon the record are almost exclusively questions of fact.

Mrs. Kanouse was plaintiff in the court below, and sought to recover on the common counts for money had and received by Hosford from the estate of her father to her use.   Her case was that some thirty-five years before suit was brought, and shortly before his death, her father made an arrangement with one Richardson whereby what property the father had was assigned and transferred to Richardson in consideration of the agreement of Richardson that he would take care of the assignor's three minor daughters of whom plaintiff was

one; that Richardson for a time undertook to carry out his agreement, but in 1854 transferred the trust to Hosford, and paid him for the children one hundred and fifty dollars; Hosford agreeing to pay to each of them the sum of fifty dollars on her coming of age; that the facts were concealed from the children until recently, and that plaintiff brought suit as soon as they came to her knowledge.

In the circuit court the plaintiff recovered judgment, and the defendant insists that there was no evidence to warrant it.

We are of opinion that the facts above recited make out a case if there is evidence which warrants their being found. The receipt of money by Hosford from Richardson under the circumstances detailed was equivalent to a receipt from the father's estate, and might properly be described as a receipt from the estate in the pleadings. We are also of opinion that there was some evidence to go to the jury in support of every material fact.

Many rulings of the circuit judge were excepted to, but the most of them were fairly within the limits of judicial discretion, and no one seems to us clearly erroneous.

The judgment will therefore be affirmed with costs.

The other Justices concurred.